UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20669-CR-SEITZ

UNITED STATES OF AMERICA,

v.

JACKSON CHANTRELLE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT JACKSON CHANTRELLE'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

THIS MATTER came before the Court on Defendant's Motion for Early Termination of Supervised Release [DE 38].   The Government and the United States Probation Office oppose the request [DE 40].   Having considered the Motion, the record, 18 U.S.C. §§ 3583(e)(1) and the 3553(a) factors, at this time, Defendant's request for early termination of supervised release must be denied because he lacks the stable foundation to ensure positive community integration, and is not in full compliance with the terms of his supervision.

    I. Background

On May 5, 2006, Defendant Jackson Chantrelle was sentenced to one-hundred-eighty (180) months' imprisonment, followed by five (5) years supervised release, for possession of firearm by a convicted felon, in violation of Title 18 U.S.C. §922(g)(1) and 924(e). The special conditions of his supervised release required Defendant to: 1) participate in an approved treatment program for drug and/ or alcohol abuse and

abide by all supplemental conditions of treatment; and 2) maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days.[1]

The Defendant began serving his term of supervised release on December 4, 2018. That term of supervised release is set to terminate on December 3, 2023. Although Defendant commenced his term of supervised release in the Southern District of Florida, on June 12, 2020, the Court permitted his relocation to Lehigh Acres, Florida. He is now supervised by United States Probation Officer (USPO) William Delgadillo in the Middle District of Florida.

Prior to his relocation, on May 18, 2020, Defendant's supervising USPO in this District submitted a Report on Offender Under Supervision following Defendant's failure to obtain his USPO's permission prior to leaving the district. The USPO recommended and the Court concurred that no further action be taken.

Three months later, on August 13, 2020, the USPO submitted another Report on Offender Under Supervision to the Court following Mr. Chantrelle's submission of a urine specimen which tested positive for marijuana on June 30, 2020. The USPO recommended and the Court agreed that no further action should be taken to allow Mr. Chantrelle to attend substance abuse treatment. Defendant's present USPO, Mr. Delgadillo, reports that Mr. Chantrelle is currently attending substance abuse treatment sessions in Fort Myers, Florida.

---

[1] On November 6, 2009, the defendant's case was reassigned to the undersigned.

However, USPO Delgadillo also reports that Mr. Chantrelle's residence is unstable, and he is unemployed. Specifically, on April 21, 2021, Mr. Chantrelle informed USPO Delgadillo that Defendant was no longer living with his former girlfriend, in Lehigh Acres, Florida, and now is residing with his new girlfriend in Tampa, Florida.  Due to the relocation, Mr. Chantrelle is no longer employed at his job at the 7Eleven in Fort Myers, Florida.

II. Law and Analysis

District courts are authorized to terminate a defendant's term of supervised release early if the defendant has completed at least one year of supervised release and the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." U*nited States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). In determining whether early termination is warranted, the district court must consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. *Id.* (citing 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017)).

Defendant contends that his supervised release should be terminated early because he has completed twenty-seven (27) months of his sixty (60) month term, has

consistently been gainfully employed, and is currently participating in a drug program recommended by his probation officer, as well as, Narcotics Anonymous. He also states that he is in constant contact with his mother and immediate family and assists his girlfriend and her children with bills and chores.

Defendant's USPO states that he was not aware of Mr. Chantrelle's intention to petition the Court for early termination. The Government and USPO oppose early termination of the Defendant's supervised release. After careful consideration of Defendant's Motion and the record, including the nature of Defendant's conviction and the factors set forth in 18 U.S.C. 3553(a), the court concludes that early termination of Defendant's supervised release is not appropriate at this time.

Defendant has completed slightly more than two and a half years of supervised release. He is to be appplauded for remaining arrest free. However, in the past twelve months, Mr. Chantrelle has changed residences, stopped working and tested positive for marijuana. Although he is attending drug counseling, such counseling was necessary because he tested positive for marijuana. Moreover, he is now unemployed, despite the requirement of supervised release the he maintain full-time legitimate employment and not be unemployed for more than 30 days. In considering whether to grant early termination, this Court looks for evidence of stable housing, living-wage employment and prosocial support network of at least 18 continuous months. While Mr. Chantrelle's consistent contact with his family is commendable, his failure to maintain a stable residence and employment and his drug usage evidence that he is not yet reached the stability level that ensures that

4

both he and the community can have confidence he has become a law-abiding, productive returning citizen.

While the Court is denying the motion now, it recognizes the Defendant has potential to succeed. Thus, it encourages the Defendant to work with his USPO to develop a plan to establish a stable homelife, to secure and maintain living-wage employment with possible future advancement, to maintain his sobriety and become a positive contributor to his community. Thus, it is

**ORDERED** that Defendant's Motion for Early Termination of Supervised Release [DE 38] is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, this 4th day of June, 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record